UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TOBY T. MAXWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00048-WTL-MJD |
| | ) | |
| RUSSELL MAJ., | ) | |
| HENDRICKS CPT., | ) | |
| ALLEN LT., | ) | |
| FISCHER LT., | ) | |
| VIRZNA SGT., | ) | |
| WILLIS C/O, | ) | |
| BENNETT C/O, | ) | |
| MRAZIK C/O, | ) | |
| CYNTHIA YORK Nurse, | ) | |
| KIM HOBSEN NURSE, | ) | |
| BOBBI RIGGS NURSE, | ) | |
| CORIZON MEDICAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint, Severing Certain Claims, and Directing Further Proceedings**

Plaintiff Toby Maxwell, an inmate of the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that he was injured in an attack by another prisoner and the defendants failed to protect him from the attack. He also alleges that he did not receive appropriate medical care for his injuries. For the reasons explained below, Maxwell's claims based on the assault itself will proceed in this case and his claims based on inadequate medical care will be severed into a new action.

## I. The Screening Requirement

Because Maxwell is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a]

complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints, such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Claims Based on the Assault

Maxwell alleges that defendants C/O Willis and C/O Bennett disseminated private information about him to other inmates which resulted in him being assaulted by another inmate. He also alleges that defendant C/O Mrazik witnessed the assault but failed to intervene to stop it and that C/O Mrazik, Sgt. Virzina, Lt. Davis, and Lt. Fischer failed to send him to the medical department for treatment of his injuries. He goes on to allege that defendants Maj. Russell, Cpt. Hendricks, Lt. Fischer, Sgt. Davis and Sgt. Vrzina failed to investigate his grievances after the attack.

Based on the screening described above, the following claims shall proceed in this case: Maxwell's claim against Willis, Bennett, and Mrazik **shall proceed** as a claim that these defendants failed to protect Maxwell from assault in violation of the Eighth Amendment. His claims against Mrazik, Virzina, Davis, and Fisher **shall proceed** as claims that these defendants exhibited deliberate indifference to Maxwell's serious medical needs in violation of the Eighth Amendment.

Maxwell's claims based on the investigation of the assault are **dismissed**. Maxwell alleges that Russell, Hendricks, Fischer, Davis, and Vrzina failed to properly investigate the assault and Maxwell's medical care, but he does not allege that this allegedly faulty investigation resulted in any injury to Maxwell or otherwise violated his constitutional rights. This is because an inmate does not have a constitutional right to a grievance procedure *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *cf. Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (An individual "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction.").

### III. Severance of Claims Based on Medical Care

The remaining claims cannot proceed with the claims described above because they are misjoined. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the *Federal Rules of Civil Procedure* allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Rule 20(a) allows defendants to be joined in one action if a right to relief is asserted against them jointly with respect to the same transaction or occurrence, and a question of law or fact common to all defendants will arise in the action. In such a situation, "[t]he court may . . . add or drop a party. The Court may also sever any claim against a party." Fed. R. Civ. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). This is the remedy that will be applied to the complaint.

Consistent with the foregoing, the claims that defendants C. York, K. Hobsen, Nurse Knust, B. Riggs, and Corizon failed to provide Maxwell with adequate medical care for the injuries sustained in the assault are **severed from the original complaint.** A new civil action from the Terre Haute Division shall be opened, consistent with the following:

    a.    Toby Maxwell shall be the plaintiff in the newly opened action.

    b.    The Nature of Suit in the newly opened action shall be 555.

    c.    The Cause of Action of the newly opened action shall be 42:1983pr.

    d.    The complaint in this action shall be filed and re-docketed as the complaint in the newly opened action. Maxwell's request to proceed *in forma pauperis* shall likewise be filed and re-docketed in the newly opened action.

    e.    A copy of this Entry shall be docketed in the newly opened action.

    f.    This action and the newly-opened action shall be shown as linked actions.

    g.    The defendants in the newly opened action shall be C. York, K. Hobsen, Nurse Knust, B. Riggs, and Corizon Medical Services.

    h.    The assignment of judicial officers shall be by random draw.

### IV. Further Proceedings

In sum, the following claims will proceed in this case: Maxwell's claim against Willis, Bennett, and Mrazik **shall proceed** as a claim that these defendants failed to protect Maxwell from assault in violation of the Eighth Amendment. His claims against Mrazik, Virzina, Davis, and Fisher **shall proceed** as claims that these defendants exhibited deliberate indifference to Maxwell's serious medical needs in violation of the Eighth Amendment. The **clerk shall add** Lt. Davis as a defendant on the docket. All other claims are **dismissed** and all other defendants shall be **terminated** on the docket.

The claims based on Maxwell's allegations of inadequate medical care are **severed** from this action consistent with Part III of this Entry.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Willis, Bennett, Mrazik, Virzina, Davis, and Fisher in the manner specified by Rule 4(d). Process shall consist of the complaint [dkt. 5] applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 3/29/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Toby T. Maxwell
964226
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronic Service to the following employees at the Wabash Valley Correctional Facility

Lt. Fischer, Sgt. Virzna, C/O Willis, C/O Bennett, C/O Mrazik, Lt. Davis